# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JANIS L. COX *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-cv-631 (TSC) |
| | ) | |
| DEPARTMENT OF THE TREASURY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

Plaintiffs Janis L. Cox and Barry L. Cox, appearing *pro se*, have sued defendant Department of the Treasury, alleging misconduct by the Internal Revenue Service ("IRS").[1]  Defendant has moved to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, and Plaintiffs have moved three times for judgment on the pleadings or for summary judgment.  For the reasons explained below, Defendant's motion will be GRANTED, and Plaintiffs' motions will be DENIED.[2]

---

[1]     On May 21, 2020, pursuant to the screening requirements of 28 U.S.C. § 1915, the original complaint was deemed a Freedom of Information Act suit against the Treasury Department, and the individually named defendants were dismissed.  *See* Order, ECF No. 7.

[2]     Plaintiffs' motions for judgment are based on the erroneous premise that Defendants have defaulted.  *See* Dec. 18, 2020 Minute Order (explaining why Defendants were never in default).  Also pending are Plaintiffs' motions that, to the extent intelligible, request the same relief sought in the Complaint. Consequently, all such motions will be denied as moot.

# I. BACKGROUND

Plaintiffs are a married couple.  *See* Am. Compl. at 1, ECF No. 9.  In the late 1990s, Barry Cox pled guilty in the U.S. District Court for the Central District of California to making a false statement to the IRS in violation of 18 U.S.C. § 1001.  *Cox v. United States*, 105 Fed. Cl. 213, 214 (2012).  On May 3, 1999, he was sentenced to a prison term of twelve months and one day and ordered to pay the IRS $232,914 in restitution for "the federal income taxes he owed for the 1988, 1989, and 1990 tax years."  *Id*.  On appeal, Cox argued, among other things, that "he should have been able to withdraw his plea because he had no tax liability and therefore could not violate" the criminal statute.  *United States v. Cox*, 225 F.3d 664 (9th Cir. 2000) (Table).  The Ninth Circuit Court of Appeals disagreed and affirmed Cox's conviction and sentence.

Plaintiffs' operative Amended Complaint lacks clarity, organization, and a cohesive statement of facts.  As with their claims in a slew of civil cases, *see Cox*, 105 Fed. Cl. at 215-16 (recounting litigation history), they purport to seek "relief from years of egregious IRS abuse . . .  regarding illegal and unauthorized imposition, harassment and confiscation of federal income tax [ Form 1040]."  Am Compl. at 2.  Plaintiffs assert that "the complaint contains irrefutable evidence proving the IRS and TIGTA [Treasury Inspector General for Tax Administration] failed when asked multiple times under FOIA to show verifiable proof that Plaintiff is a taxpayer defined in Title 26 USC Section 2011(b) . . . or any published statute in the IRC [Internal Revenue Code]."  *Id*. at 7.  They seek to compel Defendant "to furnish proof under FOIA of any published statute or regulation in 26 U.S.C. or 26 C.F.R. that delegates authority to the IRS as an agency or its rank and file employees to arbitrarily impose an unassessed federal

income tax Form 1040 upon the source of income earnings (if any) of Plaintiff." *Id.* at 8.

Plaintiffs also demand a refund of "all taxes confiscated by the IRS over the past 30 years amounting to approximately $480,000," apparently if the court agrees that "the IRS is misguided and misinformed about WHO and WHAT is a taxpayer." *Id.* at 28 (capitalizations in original).

## II.  LEGAL STANDARDS

### A.  Rule 12(b)(1)

"Federal district courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).  "Subject-matter jurisdiction can never be waived or forfeited" because it "goes to the foundation of the court's power to resolve a case." *Gonzalez v. Thaler*, 565 U.S. 134,141 (2012); *Doe ex rel. Fein v. District of Columbia*, 93 F.3d 861, 871 (D.C. Cir. 1996).  Before proceeding to the merits of a claim, a court must satisfy itself that it has subject-matter jurisdiction to consider the claim.  *See Brown v. Jewell*, 134 F. Supp. 3d 170, 176 (D.D.C. 2015) (courts "'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party'") (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

In evaluating a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, the court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged.'" *Am. Nat'l Ins. Co. v. FDIC*, 642

F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)).  Nevertheless, "'the court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions.'"  *Disner v. United States*, 888 F. Supp. 2d 83, 87 (D.D.C. 2012) (quoting *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006)).  And while courts construe *pro se* filings liberally, *see Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999), the non-justiciability of the case and the absence of jurisdiction cannot be overcome by liberal construction of the complaint.

### B. Rule 12(b)(6)

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim" and "the grounds for the court's jurisdiction" so that a defendant has fair notice of the claim and the grounds upon which it rests.  Fed. R. Civ. P. 8(a); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing cases).  Rule 12(b)(6) permits a party to move for dismissal on the grounds that the complaint has failed "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A Rule 12(b)(6) motion "tests the legal sufficiency of a complaint."  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.

Because the court will rely on matters beyond the pleadings, it will analyze the Rule 12(b)(6) motion to dismiss under the standards for summary judgment.[3]  *See* Fed. R. Civ. P. 12(d).  Summary judgment is appropriate where the record shows there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Waterhouse v. District of Columbia*, 298 F.3d 989, 991 (D.C. Cir. 2002).

### III. ANALYSIS

#### A.  FOIA Claim

"FOIA provides a 'statutory right of public access to documents and records' held by federal government agencies." *Citizens for Responsibility & Ethics in Washington v. DOJ*, 602 F. Supp. 2d 121, 123 (D.D.C. 2009) (quoting *Pratt v. Webster*, 673 F.2d 408, 413 (D.C. Cir. 1982)).  FOIA requires that federal agencies comply with requests to make their records available to the public, unless such "information is exempted under [one of nine] clearly delineated statutory language." *Id*. (internal quotation marks omitted); *see also* 5 U.S.C. § 552(a), (b).  A plaintiff prevails "only if he has demonstrated that an agency has (1) improperly (2) withheld (3) agency records." *Johnson v. United States*, 239 F. Supp. 3d 38, 44 (D.D.C. 2017) (citation and internal quotation marks omitted).

In deciding whether an agency has fulfilled its obligations under FOIA, "the court shall determine the matter *de novo* . . . and the burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B).  The court may rely solely on

---

[3]     On October 19, 2020, Plaintiffs were advised of this standard and the rules governing summary judgment proceedings.  *See* Order, ECF No. 20.

information provided in an agency's supporting affidavits or declarations if they are relatively detailed and "are not controverted by either contrary evidence in the record [or] by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). "To successfully challenge an agency's showing that it complied with the FOIA," the plaintiff "must come forward with 'specific facts' demonstrating that there is a genuine issue with respect to whether the agency has improperly withheld extant agency records." *Span v. U.S. Dep't of Justice*, 696 F. Supp. 2d 113, 119 (D.D.C. 2010) (quoting *Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989)).

Defendant contends that dismissal is warranted because Plaintiffs failed to exhaust their administrative remedies under FOIA before filing suit. The court agrees. "Exhaustion of administrative remedies is generally required before seeking judicial review 'so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision.'" *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004) (quoting *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990)). Although exhaustion under FOIA is not a jurisdictional requirement, "FOIA's administrative scheme favors treating failure to exhaust as a bar to judicial review." *Id.* (internal quotation marks and citation omitted). Therefore, a plaintiff's failure to exhaust before filing suit "can be a substantive ground for rejecting a FOIA claim in litigation." *Bayala v. United States Dep't of Homeland Sec., Office of Gen. Counsel*, 827 F.3d 31, 35 (D.C. Cir. 2016). The court should not consider the merits of an unexhausted claim if proceeding would frustrate "the purposes and policies underlying the exhaustion requirement, namely, to prevent premature interference with agency processes, to give the parties and the

6

courts benefit of the agency's experience and expertise and to compile an adequate record for review." *Wilbur*, 355 F.3d at 677.

That the Amended Complaint fails to identify the FOIA request(s) upon which Plaintiffs' claim rests supports dismissal under both the notice pleading requirements of Rule 8(a) and Rule 12(b)(6).  Nonetheless, Defendant located several of Plaintiffs' FOIA requests from 2009 and 2010 and one request from 2019.  It is undisputed that (1) Defendant responded timely to each request within twenty business days, *see* 5 U.S.C. § 552(a)(6)(A)(i), and (2) Plaintiffs did not exhaust their administrative remedies pursuant to Treasury's FOIA regulations.  *See* ECF No. 19-1, Def.'s Stmt. of Undisputed Material Facts ¶¶ 2-32 (citing Declarations of Kilsy T. Barnes and Alexis Turner); 31 C.F.R. § 1.6 ("Before seeking review by a court of a component's adverse determination, a requester generally must first submit a timely administrative appeal."); *see also* Barnes Decl. ¶ 37 (attesting that "Plaintiffs have not filed an administrative appeal of any of the Service's responses to their seven FOIA requests"); Turner Decl. ¶ 28 (attesting that "Plaintiff Janis Cox submitted one request for records to TIGTA, which was never perfected under the FOIA; Plaintiff Barry Cox submitted one FOIA request to TIGTA; and neither Plaintiff filed an administrative appeal with TIGTA regarding either of their requests").  Consequently, Plaintiffs' FOIA claim will be dismissed without prejudice.  *See Hidalgo v. FBI*, 344 F.3d 1256, 1260 (D.C. Cir. 2003) (vacating "the summary judgment of the district court" and remanding the case "with instructions" to dismiss the complaint under Rule 12(b)(6) "for failure to exhaust administrative remedies").

**B.  Tax Refund Claim**

Defendant argues that Plaintiffs' demand for a refund for "all taxes confiscated" over the past 30 years, estimated to be $480,000, is barred by sovereign immunity.  Def.'s Mem. at 15-16 (citing Compl. at 28).  The court agrees.

Under the doctrine of sovereign immunity, the United States may be sued only upon consent, which must be clear and unequivocal.  *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted).  Federal district courts have original jurisdiction over "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected."  28 U.S.C. § 1346(a)(1).  But the Tax Code provides that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority . . . until a claim for refund or credit has been duly filed with" the IRS.  26 U.S.C. § 7422(a).  Furthermore, such a claim must be "filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid."  26 U.S.C. § 6511(a).

From all indications, Plaintiffs did not file federal income tax returns nor pay taxes for the applicable tax years.  *See* Am. Compl. at 51 (purporting to clarify that Plaintiffs are not taxpayers "by operation of law" and "do not voluntar[il]y file a Form 1040 Individual Tax Return with an illegal OMB number"); *Cox*, 105 Fed. Cl. at 215 ("In May 2004, the United States filed suit against plaintiffs in federal district

8

court to collect the unpaid taxes for the 1988, 1989, and 1990 tax years.") (citation omitted)).  Thus, Plaintiffs cannot credibly allege that they "duly filed" a timely claim with the IRS to establish subject matter jurisdiction.  *See United States v. Dalm*, 494 U.S. 596, 602  (1990) ("[U]nless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund, regardless of whether the tax is alleged to have been erroneously, illegally, or wrongfully collected, §§ 1346(a)(1), 7422(a), may not be maintained in any court.") (internal quotation marks omitted)).

Plaintiffs have also invoked the Taxpayer Bill of Rights, *see* Pl.'s Mot. for J. at 4, ECF No. 27, which creates a private cause of action against the United States for damages based upon the actions of any officer or employee of the IRS who recklessly, intentionally, or negligently acts in disregard of the tax code or its implementing regulations "in connection with any collection of Federal tax."  26 U.S.C. § 7433(a).  The D.C. Circuit has "limited § 7433's reach to situations in which the IRS has 'tak[en] an affirmative step to recover' taxes owed to the government."  *Ivy v. Comm'r of Internal Revenue Serv.*, 877 F.3d 1048, 1050 (D.C. Cir. 2017) (quoting *Agility Network Servs., Inc. v. United States*, 848 F.3d 790, 794 (6th Cir. 2017)); *see Jaeger v. U.S. Gov't*, 524 F. Supp. 2d 60, 63-64 (D.D.C. 2007) ("[S]ection 7433 does not provide a cause of action for wrongful tax assessment, the absence of a tax assessment, or other actions not related to the collection of income tax") (citing cases holding same)).

Assuming, without deciding, that Plaintiffs' sweeping allegations encompass a claim under section 7433, dismissal is appropriate for two reasons.[4] First, a "judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service," 26 U.S.C. § 7433(d)(1), a determination this record simply does not support.  Second, "an action to enforce liability . . . may be brought only within 2 years after the date the right of action accrues."  26 U.S.C. § 7433(d)(1). And it appears that Plaintiffs' claims accrued at the latest in 1990, which coincides with the three tax years underlying Barry Cox's criminal conviction (1988, 1989, 1990).

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss will be GRANTED, and Plaintiffs' motions will be DENIED.  A corresponding order will issue separately.

Date:  April 6, 2021

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

---

[4]    Although Defendant has not focused on this particular provision of the Internal Revenue Code, the court is required to  dismiss a complaint "at any time" it determines that the action fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  *See Ross v. United States*, 460 F. Supp. 2d 139, 146 (D.D.C. 2006) (concluding that unlike the jurisdictional basis of section 7422, "the exhaustion requirement of section 7433 is not jurisdictional but instead is an element of a plaintiff's claim for relief"); *id*. (finding the section's placement of the statute of limitations "in a provision separate from the jurisdiction-conferring provision" indicative of the "generally regarded" non-jurisdictional aspect of exhaustion) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, ---, 126 S.Ct. 1235, 1242) (2006); *Day v. McDonough*, 547 U.S. 198, ---, 126 S.Ct. 1675, 1681 (2006)).